Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Apr 02 2014, 8:18 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOEL M. SCHUMM**
**MATTHEW P. HAYES**
Certified Legal Intern
Appellate Clinic
Indiana University Robert H. McKinney
School of Law
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DARVELLE WHITE,                                )
                                               )
    Appellant-Defendant,                       )
                                               )
       vs.                                 )    No. 49A02-1307-CR-623
                                               )
STATE OF INDIANA,                              )
                                               )
    Appellee-Plaintiff.                        )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Amy Barbar, Magistrate
Cause No. 49F19-1208-CM-53777

**April 2, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

Darvelle White challenges the sufficiency of the evidence supporting his conviction for class A misdemeanor operating a vehicle while intoxicated ("OWI"). We affirm.

The facts most favorable to the jury's verdict are that at approximately 1:50 a.m. on August 5, 2012, Beech Grove Police Officer David Parker was driving westbound in a residential neighborhood when he saw a two-door car traveling eastbound at approximately twice the legal speed limit. As Officer Parker turned his vehicle around to stop the car for speeding, he saw the car pull to the side of the street and park. Within three seconds after the car stopped, White exited the driver's-side door with keys[1] in his hand, staggered, and "hurried to the other side of the street[.]" Tr. at 39. Officer Parker ordered him to stop. White, who lived on that street, asked the officer why he was "bothering him" and said, "I'm not driving any more, why are you stopping me[?]" *Id.* White's breath smelled of alcoholic beverage, his speech was "thick and slurred[,]" and his eyes were "watery." *Id.* at 40. White was uncooperative, so Officer Parker handcuffed him and called for assistance. Officer Parker noticed a female sitting in the car's front passenger seat. When Major Tom Hurrle arrived, Officer Parker administered three sobriety tests to White, which he failed. Major Hurrle administered a portable breath test, which detected alcohol. Officer Parker arrested White for OWI.

---

[1] The State says that "Officer Parker observed that [White] was holding his car keys." Appellee's Br. at 3 (citing Tr. at 40). In fact, Officer Parker testified that he "didn't confirm" that the keys were White's car keys, Tr. at 78, and White claimed that they were his house keys, which were not attached to his car keys. *Id.* at 163. Although the jury was entitled to disbelieve White's testimony and draw the reasonable inference that he was holding his car keys, we caution the State to avoid misrepresenting the record.

White refused to take a chemical breath test, so Officer Parker obtained a warrant for a blood draw, which was performed at a hospital. As Officer Parker was transporting White from the hospital to the arrestee processing center, White said that he "just could not understand why [the officer] was wasting [his] time on him, when there [were] other robberies and other more serious crimes. [White] was already parked and he wasn't driving any more." *Id*. at 59. According to Officer Parker, White "never said that he wasn't driving. He said that now he was done driving [the officer] shouldn't be wasting [his] time on him." *Id*. at 77. At the processing center, White became unruly and had to be subdued by several officers. The blood draw revealed a blood alcohol content of 0.16 percent. The State charged White with class A misdemeanor OWI and class A misdemeanor resisting law enforcement. At trial, White claimed that his passenger had driven the car and that he had exited the car from the back seat. The jury found him guilty as charged.

On appeal, White challenges the sufficiency of evidence supporting his OWI conviction, claiming that the State failed to prove that he was the driver of the car. Our standard of review is well settled.

> When considering a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. Instead, we will consider only the probative evidence and the reasonable inferences that may be drawn therefrom in support of the verdict. If the probative evidence and reasonable inferences could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt, the conviction must be affirmed. A conviction may be based entirely on circumstantial evidence. The circumstantial evidence need not overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Mendoza v. State*, 869 N.E.2d 546, 554 (Ind. Ct. App. 2007) (citations omitted), *trans. denied*.

Although it is true, as White observes, that Officer Parker never actually saw him driving the car, the foregoing circumstantial evidence favorable to the verdict was more than sufficient for a reasonable factfinder to determine beyond a reasonable doubt that he did. White's argument is merely an invitation to reweigh evidence and judge witness credibility, which we will not do. Therefore, we affirm his OWI conviction.

Affirmed.

BAKER, J., and BARNES, J., concur.